HARRIS et al. v. OAKLEY.

*(Supreme Court, General Term, Fifth Department. October 19, 1889.)*

1. DEED—DESCRIPTION—BOUNDARIES.
    The owner of a lot in the city of Rochester, of the area of about one-half acre, rectangular in form, fronting 274 feet on a street, and abutting on the rear for the same distance on a canal, the location of both, as well as the other lines, being undisputed, conveyed a portion, by description, of "137 feet front and rear, measuring from G. H.'s north line on G. street, and also 137 feet from G. H.'s south line on the canal; being the piece of land occupied as a garden by the grantor." The lot was divided by a fence, one side being used as a garden; the fence starting on G. street midway, but striking the back line at the canal at a point 19½ feet from the middle of the lot. The fence was not mentioned in the deed. *Held,* that the reference to the garden was too indefinite to control the calls for exact distances from known bounds, and the divisional point on the canal should be located 137 feet from G. H.'s line.

2. SAME—WHEN VOID—ADVERSE POSSESSION.
    3 Rev. St. N. Y. (7th Ed.) p. 2196, § 147, providing that conveyances of land, in the actual possession of another, claiming under an adverse title, at the time of the delivery thereof, shall be absolutely void, does not apply to a case where both parties claim under a common grantor, and the party in possession, by mistake in the construction of his deed, holds land not embraced therein.

3. EVIDENCE—PAROL TO VARY DEED.
    Testimony of declarations of a grantor, before the execution of a deed, tending to establish a boundary other than that made by the deed as construed by the court on appeal, is inadmissible, as its effect would be to convey land by parol in contravention of the statute of frauds.

4. SAME.
    It was also inadmissible to show grounds for the reformation of the deed, when the proper parties were not before the court for that purpose, and there were no proper averments in the pleadings for such a purpose.

Appeal from circuit court, Monroe county.

James A. Harris and others sued Monroe H. Oakley in ejectment. From a judgment for plaintiffs, defendant appeals. For statement of the case and opinion on former appeal, see 2 N. Y. Supp. 305.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

W. H. Whiting, for appellant.    Horace McGuire, for respondents.

DWIGHT, J. The action was ejectment for a triangular piece of land, title to which depends upon the correct location of the boundary line between par-

cels of land conveyed by the same grantor to the plaintiffs and the defendant, respectively. The questions presented, aside from those relating to the admission of evidence, are precisely the same as those presented on a former appeal, decided in this court in June, 1888. 2 N. Y. Supp. 305. That decision gave construction to the deeds of the parties, and located the boundary line, in accordance with the contention of the plaintiff. It was also held at that time, and upon the same evidence as that now in the case, that the deed to the plaintiff was not void, under the statute of champerty, in respect to the piece of land in dispute. No questions, therefore, remain to be considered on this appeal, except those which arise upon rulings of the court, on the trial now under review; and in this respect we think the exceptions point to no error. The rulings in question excluded testimony offered to show declarations by the grantor, before the execution of the deed to the defendant, tending to establish a boundary other than that made by the deed, as construed by the former decision of the court. The effect of such testimony would have been to accomplish a conveyance of land by parol, in contravention of the statute of frauds; or to vary the description contained in the deed, for which purpose it was incompetent, under elementary rules of evidence; or to establish an equitable counter-claim for the reformation of the deed on the ground of mutual mistake, for which purpose the proper parties were not before the court, nor the proper averments in the answer. Under the decision on the former appeal, the judgment now appealed from must be affirmed.